# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting *En Banc*

**Major NIDAL M. HASAN**
**United States Army, Petitioner**
**v.**
**THE UNITED STATES OF AMERICA,**
**and**
**Colonel GREGORY GROSS, Military Judge,**
**Respondents**

**ARMY MISC 20120876**
**ARMY MISC 20120877**

For Petitioner: Lieutenant Colonel Kris Poppe, JA; Captain Kristin McGrory, JA (argued); Major Eric D. Noble, JA; Major Christopher E. Martin, JA; Captain Kristin McGrory, JA; Lieutenant Colonel Kris Poppe, JA (on briefs & reply briefs); Captain Ryan Coward, JA.

For Respondent: Captain Kenneth W. Borgnino, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on briefs).

18 October 2012

-----------------------------------------------------------------
MEMORANDUM OPINION AND ACTION
ON PETITIONS FOR EXTRAORDINARY RELIEF
IN THE NATURE OF A WRIT OF PROHIBITION
AND A WRIT OF MANDAMUS
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

This matter involves two petitions for extraordinary relief, one in the nature of a writ of prohibition and the other in the nature of a writ of mandamus. *See* 28 U.S.C. § 1651(a) (2006). The military judge in petitioner's case has held him in contempt for appearing with an unauthorized beard in court and has ordered that petitioner be forcibly shaved. Petitioner seeks a writ of prohibition to prevent the military judge from ordering the forcible shaving of his beard. Petitioner also seeks a writ of mandamus vacating the military judge's contempt findings and sentences, and disqualifying the military judge from further proceedings in petitioner's case.

We summarily deny petitioner's request for a writ of mandamus pertaining to contempt. As for petitioner's writ of prohibition, it merits discussion but no relief.

I

Petitioner is charged at court-martial with thirty-two specifications of attempted premeditated murder and thirteen specifications of premeditated murder in violation of Articles 80 and 118, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 918 (2006) [hereinafter UCMJ], which carry a maximum punishment of death.

On 8 June 2012, petitioner appeared in court for a pretrial hearing in his case wearing a full beard in violation of Army uniform and grooming regulations. The military judge found petitioner's appearance to be a disruption and warned petitioner to shave. Petitioner refused to shave, claiming that he was wearing a beard as an exercise of his religious beliefs. Through command channels, petitioner thereafter requested and was denied a religious accommodation by the Deputy Chief of Staff of the Army, G-1. At which point, the military judge informed petitioner that he would order petitioner be forcibly shaved if he did not voluntarily do so. Petitioner did not shave his beard, appearing at several subsequent pretrial hearings wearing a beard. In response, the military judge conducted several summary contempt proceedings in accordance with Rules for Courts-Martial [hereinafter R.C.M.] 809, held petitioner in contempt for failing to appear in court clean-shaven, and fined petitioner $1,000.00 on each occasion.

On 6 August 2012, prior to the military judge issuing a formal order for petitioner to be forcibly shaved, petitioner filed with our superior court, the Court of Appeals for the Armed Forces, a writ seeking extraordinary relief from being forcibly shaved. Petitioner's writ was "denied without prejudice as premature because the military judge has not issued a definitive order for Petitioner to be forcibly shaved." *Hasan v. Gross*, Docket No. 12-8032/AR (C.A.A.F. 27 Aug. 2012) (order).

In anticipation of just such an order, petitioner filed a motion with the military judge at trial on 5 September 2012, seeking relief from being forcibly shaved. In support of this motion, petitioner submitted an affidavit that stated, *inter alia*, "I believe that for me to shave my beard will cause me religious harm." The only other evidence petitioner submitted on the sincerity of these religious beliefs was a written statement from an Imam, who is also a chaplain and member of petitioner's defense team, Major AH, which stated that petitioner's desire to wear a beard "is a matter of sincere, personal religious conviction." Petitioner did not testify in support of this motion but defense counsel did reference prior statements petitioner made to the court.

2

On the same day, the government filed a separate motion with the military judge seeking issuance of an order to forcibly shave petitioner. In its motion, the government highlighted that petitioner was clean-shaven when he committed the crimes of which he is charged, when he appeared at his Article 32, UCMJ, hearing, and when he appeared at several pretrial hearings prior to 8 June 2012. The government also submitted the transcript of a telephone interview petitioner initiated with a reporter employed by Al-Jazeera, during which petitioner stated that he contacted the reporter "to convey a message to the world" and apologized to the mujahedeen "for participating in the illegal and immoral aggression against Muslims." The government argued that petitioner's motive for appearing in court with a beard was "to further defy the authority of his military superiors and this Court and to serve as a manifestation of his allegiance to the Mujahedeen."

Based on the evidence presented, the military judge applied the Religious Freedom Restoration Act (RFRA) and ruled:

> The accused has not demonstrated he is growing his beard at this time because of a sincerely held religious belief, i.e., as part of his exercise of religion. . . . It is not necessary for the Court to analyze whether the accused is sincere in his expression that growing a beard (generally) is part of his religious belief, because the accused has not demonstrated growing a beard at this time is an exercise of religion.

The military judge also made a finding that "it is equally likely the accused is growing the beard at this time for purely secular reasons and is using his religious beliefs as a cover." The military judge further concluded that even if petitioner did demonstrate he is wearing a beard at this time as part of his exercise of religion, the Army possessed a compelling governmental interest in forcibly shaving petitioner and that less restrictive means could not accomplish this compelling interest. Accordingly, the military judge ordered petitioner to be clean-shaven for all subsequent pretrial hearings and the trial, and if petitioner did not voluntarily shave, for the government to forcibly shave him prior to all subsequent pretrial hearings and prior to trial.

Petitioner then filed the instant writs to vacate the contempt orders and prevent the government from forcibly shaving him pursuant to the military judge's

order.[1] This court consolidated the petitions for extraordinary relief, specified additional issues,[2] and heard oral argument sitting en banc.

---

[1] In his Petition for Extraordinary Relief in the Nature of a Writ of Prohibition, petitioner raised the following issue:

WHETHER THE MILITARY JUDGE HAS THE AUTHORITY TO ORDER THE FORCBILE [SIC] SHAVING OF PETITIONER WHEN SUCH AN ORDER VIOLATES PETITIONER'S RIGHTS UNDER THE RELIGIOUS FREEDOM RESTORATION ACT.

In his Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, petitioner raised the following issues:

I. WHETHER THE MILITARY JUDGE VIOLATED PETITIONER'S FIFTH AMENDMENT DUE PROCESS RIGHTS BY HOLDING SUMMARY CONTEMPT PROCEEDINGS.

II. WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY ENTERING MULTIPLE CONTEMPT FINDINGS AND PUNISHING PETITIONER REPEATEDLY FOR THE SAME ACT OF RELIGIOUS EXERCISE.

III. WHETHER THE MILITARY JUDGE ERRED WHEN HE FOUND THE PETITIONER GUILTY OF CONTEMPT AFTER THE PETITIONER HAD ASSERTED THE RELIGIOUS FREEDOM RESTORATION ACT AS A DEFENSE.

IV. WHETHER THE MILITARY JUDGE FAILED TO DISQUALIFY HIMSELF AS THE JUDGE PRESIDING OVER THE CONTEMPT PROCEEDINGS.

V. WHETHER [RULE FOR COURTS-MARTIAL] 809 UNCONSTITUTIONALLY VIOLATED THE PETITIONER'S RIGHT TO DUE PROCESS.

[2] This court specified the following additional issues for oral argument:

(continued . . .)

II

Petitioner's claim that he cannot be forcibly shaved is before this court in a Petition for Extraordinary Relief in the Nature of a Writ of Prohibition. Pursuant to the All Writs Act, military Courts of Criminal Appeals are empowered to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2006). *See United States v. Denedo*, 556 U.S. 904, 911 (2009), *aff'g sub nom. Denedo v. United States*, 66 M.J. 114 (C.A.A.F. 2008); *Gray v. Belcher*, 70 M.J. 646, 647 (Army Ct. Crim. App. 2012), *pet. denied*, 71 M.J. 300 (C.A.A.F. 2012). Under the circumstances presented, it is appropriate for this court to consider whether a writ of prohibition should issue to limit the military judge's authority to order the government to forcibly shave petitioner prior to his appearing at court-martial hearings. We conclude however that the petition fails on its merits.

---

(. . . continued)

I. REGARDLESS OF THE APPLICABILITY OF THE RELIGIOUS FREEDOM RESTORATION ACT, 42 U.S.C. § 2000bb (2006), WHETHER THE MILITARY JUDGE'S ORDER TO PETITIONER TO COMPLY WITH A GROOMING STANDARD AND SUBSEQUENT FORCED SHAVING ORDER EXCEEDED THE MILITARY JUDGE'S AUTHORITY OR WAS OTHERWISE INAPPROPRIATE IN ACCORDANCE WITH ARMY REGULATION 600-20 AND RULE FOR COURTS-MARTIAL 801.

II. IF THE MILITARY JUDGE'S CONDUCT IN ORDERING THE PETITIONER TO COMPLY WITH A GROOMING STANDARD EXCEEDED HIS AUTHORITY OR WAS OTHERWISE INAPPROPRIATE, WOULD THE CONTEMPT PROCEEDINGS BASED ON [PETITIONER]'S FAILURE TO COMPLY WITH THE MILITARY JUDGE'S ORDER BE INVALIDATED.

III. IF THE MILITARY JUDGE'S CONDUCT IN ORDERING PETITIONER TO COMPLY WITH A GROOMING STANDARD OR SUBSEQUENT FORCIBLE SHAVING ORDER EXCEEDED THE MILITARY JUDGE'S AUTHORITY OR WAS OTHERWISE INAPPROPRIATE, SHOULD THE MILITARY JUDGE BE DISQUALIFIED FROM FURTHER PARTICIPATION IN PROCEEDINGS AGAINST THE PETITIONER.

Army regulations mandate all male soldiers be clean-shaven. Army Reg. 670-1, Wear and Appearance of Army Uniforms and Insignia [hereinafter AR 670-1], para. 1-8.a.(2)(c) (3 Feb. 2005) (Revised, 11 May 2012) ("Males will keep their face clean-shaven when in uniform or in civilian clothes on duty."); Army Reg. 600-20, Army Command Policy [hereinafter AR 600-20], para. 5-6.*g*.(4)(*g*) (18 Mar. 2008) (Revised, 20 Sep. 2012) (stating that absent commander's approval, "[t]he Army does not accommodate exceptions to personal grooming standards for religious reasons"). In this case, there is a direct conflict between the Army's uniform grooming regulations and petitioner's asserted religious beliefs, which purportedly require him to wear a beard. The Religious Freedom Restoration Act directs that the federal government "shall not substantially burden a person's exercise of religion" and provides a claim or defense against any such burden on religious exercise. 42 U.S.C. § 2000bb-1 (2006). Here, petitioner's claim is based on the military judge's denial of his motion to wear a beard during his court-martial and the corresponding order that petitioner be forcibly shaved. We review de novo the military judge's "ultimate determination as to whether the RFRA has been violated." *United States v. Meyers*, 95 F.3d 1475, 1482 (10th Cir. 1996). Factual findings underlying this legal conclusion, to include the sincerity and religiosity of petitioner's beliefs, are reviewed for clear error. *Id.*; *United States v. Seeger*, 380 U.S. 163, 185 (1965).

When asserted as a claim or defense, "a [petitioner] alleging a violation of RFRA must demonstrate that his right to the free exercise of religion has been substantially burdened." *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir. 1996). This demonstration must be by a preponderance of the evidence. *Meyers*, 95 F.3d at 1482. "[A] rule imposes a substantial burden on the free exercise of religion if it prohibits a practice that is both 'sincerely held' by and 'rooted in [the] religious belief[s]' of the party asserting the claim or defense." *United States v. Ali*, 682 F.3d 705, 710 (8th Cir. 2012) (alteration in original). Thus, RFRA requires a determination of "whether the beliefs professed by [petitioner] are sincerely held and whether they are, in his own scheme of things, religious." *Seeger*, 380 U.S. at 165. *See Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). In this case, the military judge considered evidence indicating that petitioner's motivation for appearing in court unshaven was based on his sincere religious beliefs, as well as other evidence that petitioner had secular reasons to be unshaven. The military judge's factual findings that petitioner was not wearing a beard at court-martial hearings at this time as a matter of sincere religious belief were not clearly erroneous. Therefore, he did not err by denying petitioner's RFRA claim.

We further conclude that, even if petitioner had succeeded in demonstrating his wearing a beard in court was based on his sincere religious beliefs, compelling

interests justify the military judge's order and no lesser restrictive means are available to accomplish these interests. Had petitioner demonstrated that he was wearing a beard as a matter of religious conviction, the military judge's order to forcibly shave petitioner would substantially burden the free exercise of his religion. However, RFRA provides an exception, allowing the federal government to substantially burden the free exercise of religion, "if it demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." § 2000bb-1(b). *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006).

The Army has a compelling interest to ensure uniformity, good order, and discipline. "The Army is a uniformed service where discipline is judged, in part, by the manner in which a soldier wears a prescribed uniform, as well as by the individual's personal appearance. Therefore, a neat and well-groomed appearance by all soldiers is fundamental to the Army and contributes to building the pride and espirit essential to an effective military force." AR 670-1, para. 1-7.*a*. In this particular case, the military judge properly recognized and gave significant deference to the decision of the Deputy Chief of Staff of the Army, G-1, to deny petitioner's request to wear a beard because it "would have an adverse impact on military necessity, particularly with regard to discipline, unit cohesion, and morale." *See Goldman v. Weinberger*, 475 U.S. 503, 507–08 (1986).

The Army has a further interest in the fair and proper administration of military justice. We agree with the military judge's conclusion that petitioner's wearing of the beard denigrates the dignity, order, and decorum of the court-martial and is disruptive under the current posture of the case. Furthermore, in front of a military panel, it is undeniable that petitioner's failure to comply with Army grooming regulations without explanation of a suitable exception would cast him in a negative light. In this respect, the military judge has the authority to prescribe the proper uniform for trial, R.C.M. 801(a)(1), 804(e)(1), and the obligation to safeguard petitioner against the injection of prejudice into the court-martial process as a result, even where petitioner consents to that prejudice.[3] In no case is the need

---

[3] *See* R.C.M. 804(e)(1) discussion ("This subsection recognizes the right, as well as the obligation, of an accused servicemember to present a good military appearance at trial. An accused servicemember who refuses to present a proper military appearance before a court-martial may be compelled to do so."); *United States v. Gentile*, 1 M.J. 69 (C.M.A. 1975) ("[W]e perceive no rational basis for concluding

(continued . . .)

7

to exclude matters prejudicial to the accused more compelling than one in which the accused faces a potential sentence to death.

Finally, in this situation, there are no lesser restrictive means available apart from the military judge's order. Petitioner suggests that an instruction to the panel would be sufficient. In light of the compelling governmental interests under these circumstances, we are unconvinced that an instruction, in the absence of a legitimate exception permitting petitioner to wear a beard in court, will adequately address the interests of both parties in this case.

### III

In conclusion, we hold that petitioner is not entitled to extraordinary relief in the nature of a writ of prohibition. The military judge did not commit clear error in determining petitioner's desire to appear unshaven in court was not based on a sincerely held religious belief at this time. Further, even if petitioner had succeeded in demonstrating his wearing a beard in court was based on his sincere religious beliefs, compelling interests justify the military judge's order and no lesser restrictive means are available to accomplish these interests. Accordingly, the

_____

(. . . continued)
that the military judge must 'take the dare,' running the risk that the accused will further inflame the jury to his own detriment."); *United States v. West*, 12 U.S.C.M.A. 670, 674, 31 C.M.R. 256, 260 (1962) ("It does not require citation of authority to note the difference in the impression made upon the court members by a clean-shaven, well-dressed young Marine, wearing his decorations and the insignia of his grade, and that created by a whiskery defendant clad in an ill-pressed prison garment decorated only with splotches of yellow paint."); *United States v. Taylor*, 31 M.J. 905, 906 (A.F.C.M.R. 1990) ("It cannot be denied, we think, that the sight of the accused at trial, as he is arraigned, as he testifies . . . as he confers with counsel, and as he stands to be sentenced, is part of the 'silent evidence' in the case. Accordingly, it is but part of a full and fair proceeding that he be entitled to stand before the court-martial as a sailor should, neat, clean and sharp, in the uniform-of-the-day, complete with merited insignia, ribbons and decorations. Anything less must be presumed to be prejudicial *pro tanto*. This presumption contemplates that nothing is more inflammatory to an officer of the military than to see a member of his service 'out of uniform' or wearing a soiled or ill-fitting uniform." (quoting *United States v. Whitehead*, 27 C.M.R. 875, 876 (N.B.R. 1959))).

Petition for Extraordinary Relief in the Nature of a Writ of Prohibition and the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus are DENIED.

Senior Judge COOK, Judge GALLAGHER, Judge HAIGHT, and Judge MARTIN concur.

Chief Judge AYRES, Judge ALDYKIEWICZ, and Judge KRAUSS took no part in the decision of this case.

KERN, Senior Judge, with whom Judge BURTON joins, concurring in part and dissenting in part and in the result:

I concur with my colleagues in denying the writ of mandamus; however, I dissent on the disposition of the writ of prohibition because the military judge in this case had an option to compel the government to ensure petitioner was in proper uniform—either clean-shaven or with an exception to wear a beard. The military judge instead chose to enforce the uniform standards himself, and in doing so compromised his impartiality under the circumstances of this case. Accordingly, I would answer Specified Issue III in the affirmative.

## BACKGROUND

To resolve the issue concerning the propriety of the military judge's forcible shaving order, it is important to consider the background and circumstances of this case. In apparent disobedience of Army grooming regulations, petitioner appeared at several pretrial court-martial hearings with a beard. Because petitioner was out of uniform, the military judge ordered him removed from the courtroom, but he was allowed to participate in the hearing remotely via closed circuit television. The military judge also ordered petitioner to comply with Army uniform standards—to be clean shaven or receive an exception from the Army to wear a beard. The military judge based his order on his decision that petitioner's non-compliance with Army uniform standards amounted to a disruption of the court-martial. The military judge also indicated that if petitioner received a valid exception to the Army uniform regulation, he would have no problem with petitioner wearing the beard in the courtroom. When petitioner showed up at subsequent hearings with a beard, the military judge held him in contempt, fined him $1000.00 each time, and ordered him removed from the courtroom. The military judge found that removing petitioner for preliminary hearings was appropriate; however, as the case moved toward the eventual trial, the military judge indicated that if petitioner did not receive an

exception from the Army to wear a beard, he would order petitioner to be forcibly shaved.

Petitioner submitted to his unit commander a request for a religious accommodation exception to Army grooming regulations. *See* Army Reg. 670-1, Wear and Appearance of Army Uniforms and Insignia [hereinafter AR 670-1], para. 1-8.a.(2)(c) (3 Feb. 2005) (Revised, 11 May 2012); Army Reg. 600-20, Army Command Policy [hereinafter AR 600-20], para. 5-6.*g*.(4)(*h*) (18 Mar. 2008) (Revised, 20 Sep. 2012). Petitioner's request was denied and, his unit commander ordered petitioner to immediately comply with Army grooming standards. There is no indication the command took any efforts to enforce this order on its own.

The defense team also filed a trial motion and appellate writ for the military judge to recuse himself on the basis of bias for a myriad of reasons, to include the military judge's indication that he would order petitioner to be forcibly shaved. *Hasan v. United States*, ARMY MISC 20120667 (Army Ct. Crim. App. 10 July 2012) (order). From the interactions between the military judge and defense team in the record of trial prior to the military judge ordering the forced shaving of petitioner, it is readily apparent that the relationship between the military judge and the defense was very contentious. It is with the entire backdrop set out above that I view the subsequent decision by the military judge to order the forcible shaving of petitioner.

## LAW AND DISCUSSION

Although there are overlapping authorities between an accused's chain of command and a military judge when an accused is participating in a court-martial proceeding, the command retains primary responsibility for enforcement of uniform and grooming standards. *See* AR 600-20; Dep't of Def. Instr. 1300.17, Accommodation of Religious Practices Within the Military Services (10 Feb. 2009) [hereinafter DODI 1300.17]. It is also customary in court-martial proceedings, when a uniform deficiency is identified, for the military judge to direct the trial counsel, as the government representative, to ensure an accused is in the proper uniform. *See* Rules for Courts-Martial [hereinafter R.C.M.] 804(e)(1) (stating "upon request, the accused's commander shall render such assistance as may be reasonably necessary to ensure that the accused is properly attired").

At the time the military judge ordered petitioner to be forcibly shaved, he had the option of requiring the government to ensure petitioner was in the proper uniform, whether that was clean-shaven or with an exception to the regulation. If the military judge had chosen this option, the command and not the military judge

would have had to decide whether to forcibly shave petitioner. If the chain of command declined to make a decision, the military judge could have stayed the case, or held the government in contempt to compel a decision. If the chain of command decided to forcibly shave petitioner and petitioner protested, he could certainly pursue numerous avenues of complaint under military grievance processes, or an action in civil court. These are more appropriate venues than a court-martial for resolving challenges for accommodations of religious practices within the military services that are unrelated to charged offenses. In addition, if a case could be made that the actions of the chain of command were pretrial punishment, petitioner might also have an opportunity to raise it in a court-martial under Article 13, Uniform Court of Military Justice, 10 U.S.C. § 813 (2006). Why the military judge ignored the option to compel the government to ensure petitioner was in proper uniform is unknown. However, under the circumstances of this case, the military judge not choosing to compel the government, but instead directing petitioner, at the request of the government,[*] to be forcibly shaved, compromised his impartiality.

I distinguish this case from *United States v. Gentile*, 1 M.J. 69 (C.M.A. 1975), in which the order of a military judge to place an accused in handcuffs was upheld when the accused indicated that he would disrobe if required to wear a uniform at his court-martial. Unlike the case at hand, in *Gentile* there was no indication of contentiousness between the defense and military judge that would impact on perceptions of the reasonableness of the military judge's actions. Moreover, in *Gentile*, the misconduct of the accused would occur only in the courtroom, thereby making the order from the military judge, as opposed to the command, both logical and reasonable.

In the military justice system, the military judge wears a uniform and holds authority as a leader as well as a judge. He must remain keenly aware of not only the authorities he holds, but how orders executing those authorities are viewed and options available to him, always keeping in mind perceptions regarding his impartiality. The military judge utilized his contempt authority, which was a proper method to try to compel petitioner to comply with uniform requirements. When those attempts failed, he not only disregarded an avenue customarily used in enforcing uniform requirements—utilizing the chain of command to enforce compliance with uniform standards—but he also issued his order for the forcible

---

[*] The military judge's ruling granted the Government Motion for Appropriate Relief: Motion to Deny Religious Freedom Restoration Act Claim as Unsubstantiated *and to Order the Accused be Forcibly Shaved*. (emphasis added).

11

shaving at the behest of the government. Like removal, such an invasive order by the military judge should only be utilized if there is a showing of material interference with the conduct of the proceedings. *C.f.* R.C.M. 804 discussion; *Illinois v. Allen*, 397 U.S. 337 (1970).

## CONCLUSION

Without compelling the government to act, the military judge's decision to order the forced shaving at the government's request was inappropriate as it compromised his impartiality. As such, I would grant petitioner's writ of prohibition, invalidating the military judge's order, and also disqualify the military judge from further participation in the proceedings because he took an action that reasonably put into question his impartiality. *See* R.C.M. 902(a); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

12